IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

<table>
<tr><td>STATE OF DELAWARE</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Case No.: 1610006797</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>KIMBERLY GILBERT</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Nicole S. Hartman, Esq.
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19904
Attorney for State

Stephen W. Welsh, Esq.
P.O. Box 824
Georgetown, DE 19947
Attorney for Defendant

Submitted: April 13, 2017
Decided: May 15, 2017

**DECISION ON DEFENDANT'S MOTION TO SUPPRESS**

Defendant, Kimberly Gilbert, has been charged with Driving Under the Influence of Alcohol ("DUI") in violation of title 21, section 4177(a)(1) of the Delaware Code. Ms. Gilbert has filed a motion to suppress the evidence obtained as a result of the execution of a search warrant for a blood draw upon her on the grounds that the warrant was not supported by probable cause. The Court held a hearing on the motion on April 13, 2017, and reserved decision. This

opinion constitutes the Court's decision on the motion. Ms. Gilbert's motion to suppress is DENIED.

## FACTS

On October 12, 2016, at approximately 12:47 a.m., a police officer from the Delaware State Police Department was on patrol in the area of Smyrna, Delaware. While patrolling, the officer observed Ms. Gilbert commit two minor traffic offenses. The officer thereafter stopped her. Based on the officer's training and experience, the officer believed that Ms. Gilbert was under the influence of alcohol. The officer then obtained a search warrant to extract Ms. Gilbert's blood to search for the presence of alcohol. The sole issue in the case is the sufficiency of the affidavit of probable cause offered by the officer in support of the search warrant. The pertinent portions of the search warrant affidavit in this case are stated as follows:

1. I, Tfc. [name omitted], have been employed by the Delaware State Police since February 2014 and am currently assigned to Troop 9 Patrol.

2. On Wednesday 10/12/16 at approximately 0047 hours, while patrolling NB on US 13 S/O West Glenwood Ave, Smyrna, DE, I observed a gray Chevrolet Malibu traveling NB on US 13 in the right lane.

3. While behind V1, I observed V1 cross over the white dotted line separating the left and right NB lanes. V1 then traveled back into the right lane and then crossed the right fog line off of the right side of the roadway.

4. As V1 approached a red traffic light, V1 stopped at the traffic light approximately 1 car length away from the same. V1 twas [sic] then placed into park at the stop light.

5. I conducted a traffic stop of V1 and made contact with S1-Kimberly Gilbert [date omitted]. S1 was the sole occupant of V1.

6. V1's eyes were glassy and bloodshot. I detected a strong odor of alcoholic beverages on the breath of S1.

7. S1 stated that she refused to submit to any field sobriety tests, as well as a breath test. S1's speech was mumbled and slurred.

2

## DISCUSSION

If a defendant challenges the propriety of a search without a warrant, the State bears the burden of proving that the search was valid.[1] But, when a warrant has been issued by a magistrate, the burden shifts to the defendant to show a violation of his or her rights.[2] In this case, the defendant's motion to suppress challenges a warrant that was issued by a magistrate. Therefore, the burden of proof lies with the defendant.

The standard the Court must follow when reviewing the magistrate's determination of probable cause is outlined in *Rybicki v. State*:

> A court reviewing the magistrate's determination has the duty of ensuring that the magistrate had a substantial basis for concluding that probable cause existed. A magistrate's determination of probable cause should be paid great deference by reviewing courts and should not, therefore, take the form of de novo review. Notwithstanding this deference, the reviewing court must determine whether the magistrate's decision reflects a proper analysis of the totality of the circumstances.
>
> Before issuing a warrant, a magistrate must find that probable cause exists that evidence of a crime will be found in the place to be searched. The magistrate may only consider the information contained within the four corners of the affidavit. A neutral and detached magistrate may draw reasonable inferences from the factual allegations in the affidavit. For an affidavit to be sufficient, it must set forth facts permitting an impartial judicial officer to reasonably conclude that the items sought would be found at the location. The officer is only required to present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime. The affidavit need not rule out potentially innocent explanations for a fact. Probable cause may be found so long as the facts presented in the affidavit are sufficient themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed.[3]

Ms. Gilbert contends that the officer's affidavit did not contain sufficient information to establish probable cause to issue a search warrant. In support of her position, Ms. Gilbert relies

---

[1] *State v. Adams*, 13 A.3d 1162, 1166 (Del. Super. 2008).
[2] *Id.*
[3] *Rybicki v. State*, 119 A.3d 663, 668-69 (Del. 2015) (citations and internal quotations omitted).

3

on what she contends are similar facts in *State v. Mulholland, State v. Cajthaml,* and *State v. Sharp.*[4] Ms. Gilbert's reliance on these cases is misplaced.

In *State v. Mulholland,* the Court determined that the following factors were insufficient to establish probable cause: (1) minor weaving within a lane; (2) admission to drinking earlier in the day; (3) a strong odor of alcohol; (4) bloodshot eyes at midnight; and (5) failed one-leg stand test.[5] The Court's subsequent ruling in *State v. Aldossary,* however, noted that "the events surrounding the matter [in *Mulholland*] occurred on an extremely cold night with snow on the roadway."[6] The Court therefore limited its holding in *Mulholland* to its facts.[7]

In *State v. Cajthaml,* the Court granted the defendant's motion to suppress because the officer's explanation of the defendant's "failure" of field sobriety tests in the affidavit of probable cause did not provide a sufficient basis for the issuing magistrate to determine the reliability of the tests.[8] In Delaware, the Horizontal Gaze Nystagmus ("HGN") is the only field test recognized to be "scientific," meaning it is the only test that may properly result in a "pass" or "failure."[9] Other "non-scientific" field tests are conducted with the purpose of observing "the *quality* of the driver's performance," not whether the driver passed or failed.[10] In sum, the Court determined that the following factors were insufficient to establish probable cause: (1) summary statements that defendant "failed" field sobriety tests; (2) the traffic offense of failure to signal before turning and (3) odor of alcohol.

Finally, in *State v. Sharp,* the police officer arrived at the scene of a two-car accident and noted that Clinton Sharp, one of the drivers involved in the accident, had: (1) slurred speech (2)

---

[4] *State v. Mulholland,* 2013 WL 3131642 (Del. Com. Pl. Jun. 14, 2013); *State v. Cajthaml,* C.A. No. 1305015136 (Del. Com. Pl. Dec. 16, 2013); *State v. Sharp,* 2014 WL 3534945 (Del. Com. Pl. May 5, 2014).
[5] *Mulholland,* 2013 WL 3131642 at *4-5.
[6] *State v. Aldossary,* 2014 WL 12684303, at *4 (Del. Com. Pl. Apr. 10, 2014) (citation omitted).
[7] *Aldossary,* 2014 WL 12684303, at* 4.
[8] *Cajthaml,* C.A. No. 1305015136 at *3.
[9] *State v. Ruthardt,* 680 A.2d 349, 355-56 (Del. Super. 1996).
[10] *Lefebvre v. State,* 19 A.3d 287, 293 (Del. 2011) (emphasis added).

bloodshot eyes and (3) a strong odor of alcohol.[11] The officer noted all these facts in the affidavit of probable cause.[12] The Court held that the mere fact that Sharp had been involved in a two-car accident provided no weight to a finding of probable cause that Sharp had been driving under the influence because "the affidavit does not assign fault to the defendant, nor does it include a description of the accident that would lead a reasonable person to believe that the accident was attributable to the defendant."[13] Having noted Sharp's involvement in a two-car collision and the lack of apportionment of blame to Sharp in the affidavit, the court determined that the combination of slurred speech, bloodshot eyes, and strong odor of alcohol were insufficient for a finding of probable cause upon which a search warrant could issue.

The facts before the Court in the present case are readily distinguishable from those in *Mulholland, Cajthaml,* and *Sharp.* First, the facts do not indicate that Ms. Gilbert's encounter with police occurred on a frigid and snowy evening like that which occurred in *Mulholland.* Since *Mulholland* was limited to those facts, it cannot apply. Second, unlike in *Cajthaml,* the officer's statements in the affidavit for probable cause in this case are not conclusory. Here, the officer accurately restated Ms. Gilbert's absolute refusal to complete *any* field sobriety tests. This is sufficiently distinct from an officer's insufficient description of the *results* of field sobriety tests. *Cajthaml,* therefore does not apply.[14] Finally, this case is distinct from *Sharp,* as well as the preceding cases, because Ms. Gilbert has presented demonstrably greater indicators of intoxication sufficient to satisfy probable cause.[15]

The Court is guided in its determination of probable cause by the analogous case of *State v. Groves.*[16] Just as in *Groves,* Ms. Gilbert was stopped after committing a traffic violation.[17]

---

[11] *Sharp,* 2014 WL 3534945 at *1.
[12] *Id.* at *1-2.
[13] *Id.* at *5.
[14] The Court will not, as Ms. Gilbert suggests, require the officer to include every conceivable field test refused when the defendant simply refuses them all.
[15] *Id.*
[16] *State v. Groves,* 2016 WL 675997 (Del. Super. Feb. 17, 2016).

5

Specifically, Ms. Gilbert failed to remain within her lane of travel. She also placed her car in park at a red light at least an entire car length before the traffic signal. While the Court acknowledges this second action is not a traffic offense, it does contribute to the officer's initial suspicion that Ms. Gilbert may have been intoxicated. Like *Groves*, upon further investigation, the officer detected a strong odor of alcohol emanating from Ms. Gilbert.[18] Ms. Gilbert's eyes appeared both bloodshot and glassy upon observation. Finally, her speech was slurred and she refused all field sobriety tests.[19]

Based on the foregoing analysis, the Court finds that given the totality of the circumstances, the evidence listed in the affidavit of probable cause for the instant case was sufficient to issue a search warrant for a blood draw. The observations included (1) a traffic violation, (2) erratic driving, (3) strong odor of alcohol, (4) glassy and bloodshot eyes, (5) slurred speech and (6) refusal to perform field sobriety tests. Therefore, Defendant's Motion to Suppress is DENIED.

**IT IS SO ORDERED.**

CHARLES W. WELCH
JUDGE

---

[17] *Id.* at *3.

[18] *Id.* at *3; *see Higgins v. Shahan*, 1995 WL 108699, at *3 (Del. Super. 1995) (an accident combined with the defendant's bloodshot and glassy eyes, odor of alcohol emanating from the defendant, his admission of consuming alcoholic bevarages and refusal to perform field tests were found to establish probable cause).

[19] The fact that Ms. Gilbert did not admit to consuming alcohol is insignificant to the Court's analysis. In *Church v. State*, the Delaware Supreme Court made clear that refusal of field sobriety tests "may be used for any relevant purpose, including to show consciousness of guilt." *Church v. State*, 2010 WL 5342963, at *2 (Del. Dec. 22, 2010). The Court in *Rybicki v. State,* also confirmed that refusal of field sobriety tests was indicative of intoxication. *Rybicki*, 119 A.3d at 668-69. As a result, the fact that Ms. Gilbert did not explicitly admit to consuming alcohol is of little or no consequence.

6